UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. SMITH,<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES GOVERNMENT,<br>　　　　Defendant. | Case No. 18-cv-04185-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 37 |

　　　　Plaintiff Charles E. Smith, representing himself, brings claims under the Federal Tort Claims Act for "gross negligence" and lost property against David Grant United States Air Force Medical Center ("DGMC") and the United States Department of the Air Force (together, "the United States" or "Defendant") arising out of medical treatment Plaintiff received in December 2015. (Dkt. No. 1.)[1] Now before the Court is Defendant's[2] motion for summary judgment on Plaintiff's medical malpractice claims alleging Defendant's conduct caused him to suffer a hernia and stroke.[3] (Dkt. No. 37.) After careful consideration of the parties' briefing, and having had the benefit of oral argument on June 20, 2019, the Court GRANTS Defendant's motion in part and DENIES it in part.

　　　　The Court denies the motion to the extent Defendant contends that expert testimony is

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] As the parties' noted in their November 14, 2018 joint case management conference statement, "the United States is the only proper federal defendant in an action under the [FTCA]"; thus, "the United States request[ed] that it be substituted as the sole defendant in place of the David Grant Medical Center and the United States Department of the Air Force." (Dkt. No. 23 at 2.) The Court has recaptioned this case accordingly.
[3] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 14.)

required to prove that hospital personnel breached the standard of care. Such a ruling cannot be made on this record. However, Defendant has satisfied its burden on summary judgment of demonstrating the absence of evidence on the causation element of Plaintiff's claims related to his abdominal hernia and stroke, and Plaintiff fails to raise a genuine dispute of material fact on that score. In particular, Plaintiff cannot prevail on his claims that Defendant's conduct caused his hernia and/or stroke in the absence of expert testimony. Because Plaintiff does not have expert testimony, summary judgment is granted on his claims to the extent he seeks to recover damages for his hernia and stroke.

**BACKGROUND**

**I.  Factual Background**

On December 14, 2015, Plaintiff reported for surgery at DGMC, which is located at Travis Air Force Base, to remove polyps from his colon. (Dkt. No. 1 at 9.) DGMC medical staff removed Plaintiff's "dental appliances" (i.e., dentures) to prepare him for surgery. (*Id.*) The day after his surgery Plaintiff inquired with DGMC nurses and his surgeons regarding his dental appliances and they "assured him that [his dental appliances] would be found." (*Id.*)

On the morning of December 17, 2015, while still hospitalized and recovering from his surgery, Plaintiff suffered a stroke after DGMC medical staff did not provide Plaintiff with his "regularly prescribed medic[ation]" and subjected him to "45-minutes of trauma" in attempting to relocate Plaintiff's intravenous tubes ("IV"). (*Id.* at 4, 8-9.) DGMC personnel forcibly "insert[ed] needles into each of Plaintiff's arms at the same time trying to find a vein to relocate the IV," despite Plaintiff's "resistance and objection." (*Id.* at 4.) Plaintiff suffered a stroke "approximately one hour later." (*Id.*)

Plaintiff was then transferred to the United States Department of Veterans Affairs Hospital ("VA Hospital") in Martinez, California on December 22, 2015, "for rehabilitation from the stroke." (*Id.* at 8.) Plaintiff remained hospitalized there until December 31, 2015. (*Id.* at 9.) Prior to being transferred, Plaintiff asked the DGMC staff each day whether his dental appliances "had been found." (*Id.*) He also inquired about his missing dental appliances with VA Hospital staff. (*Id.*) Plaintiff's dental appliances were never found. (*Id.* at 8.)

2

Due to his missing dental appliances, "Plaintiff lost many teeth." (*Id.* at 6.) Plaintiff further suffered an abdominal hernia because he "could not properly chew and digest food," and underwent surgery for that hernia in September 2016. (*Id.*) Plaintiff continues to suffer residuals from his December 2015 stroke. (*Id.*)

The parties do not dispute that Plaintiff's complaint states at least three claims: (1) property loss based on the missing dental appliances; (2) "gross negligence" based on the abdominal hernia resulting from the lost dental appliances ("hernia claim"); and (3) "gross negligence" based on acts and omissions of DGMC medical personnel on December 17, 2015 that resulted in a stroke ("stroke claim"). Defendant moves for summary judgment only as to Plaintiff's hernia and stroke claims.

## II. Procedural History

Plaintiff filed his complaint on July 12, 2018, bringing FTCA claims for lost property and "gross negligence" related to medical treatment received at the DGMC on December 14, 2015 and December 17, 2015, respectively. Following the initial case management conference on December 27, 2018, (*see* Dkt. No. 28), and further case management conference on April 4, 2019, (*see* Dkt. No. 35), the Court issued an order setting forth the briefing schedule for Defendant's motion for summary judgment, (Dkt. No. 36). The scheduling order set a deadline of June 7, 2019 for Plaintiff to file his opposition. (Dkt. No. 36 at 2.)

Defendant filed the instant motion for summary judgment on April 9, 2019. (Dkt. No. 37.) Plaintiff filed his opposition on June 11, 2019; however, the opposition is signed and dated June 7, 2019. (*See* Dkt. No. 39.) The Court heard oral argument on June 20, 2019.

## DISCUSSION

On summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the movant does not bear the burden of proof at trial for the underlying claims, it satisfies its burden if it can show that there is an absence of evidence to support "an element essential to [the nonmovant's] case, and on which [the nonmovant] will bear the burden of proof at trial," and the nonmovant fails to produce evidence giving rise to a genuine dispute of material

fact on that score. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## I. FTCA Generally

The FTCA is the exclusive remedy for filing a tort action against a federal agency or officer. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). The substantive law governing a plaintiff's FTCA claim is the "law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff alleges that the actions at issue took place in California; thus, California law governs his claims. *See Littlejohn v. United States*, 321 F.3d 915, 924 (9th Cir. 2003).

## II. Medical Malpractice

To establish a claim for medical malpractice under California law, Plaintiff must demonstrate: "(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence." *Gami v. Mullikin Med. Ctr.*, 18 Cal. App. 4th 870, 877 (1993) (internal quotation marks and citation omitted). Defendant moves for summary judgment on the grounds that "Plaintiff's refusal to present expert testimony to prove the elements of his stroke and hernia claims constitutes a complete failure of proof, entitling Defendant to summary adjudication in its favor on those claims." (Dkt. No. 37 at 7.) The Court agrees in part that Plaintiff's claims fail absent expert testimony.

### A. Expert Testimony is Required in Professional Negligence Actions

"The standard of care against which the acts of a medical practitioner [or nurse] are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of laymen." *Alef v. Alta Bates Hospital*, 5 Cal. App. 4th 208, 215 (1992). Further, "[w]henever the plaintiff claims negligence in the medical context, the plaintiff *must* present evidence from an expert that the defendant breached his or her duty to the plaintiff and that the breach caused the injury to the plaintiff." *Powell v. Kleinman*, 151 Cal. App. 4th 112, 123 (2007) (emphasis added); *see also Scott v. Rayhrer*, 185

4

Cal. App. 4th 1535, 1542 (2010) ("As a general rule, the testimony of an expert witness is required in every professional negligence case to establish the applicable standard of care, whether that standard was met or breached by the defendant, and whether any negligence by the defendant caused the plaintiff's damages.").

### 1. Lack of Expert Opinion on Hernia Claim

The thrust of Plaintiff's abdominal hernia claim is that DGMC medical staff were negligent in losing his dental appliances, which resulted an abdominal hernia requiring surgery in September 2016. Because Plaintiff alleges professional negligence related to medical treatment, to prevail on his claim he ordinarily must submit an expert opinion as to the applicable standard of care, its breach, and whether that breach caused his abdominal hernia. *See id.* Plaintiff's opposition does not include an expert opinion as to his hernia claim; indeed, Plaintiff's opposition does not even address this claim. (*See generally* Dkt. No. 39.)

On the scant record before the Court and construing that record in the light most favorable to Plaintiff, it is not obvious that an expert opinion is required as to the applicable standard of care and its breach. If, as Plaintiff alleges, DGMC medical staff lost his dental appliances, then that may constitute a breach of the standard of care because a reasonable trier of fact could find that "the conduct required by the particular circumstances is within the common knowledge of the layman." *See Elcome v. Chin*, 110 Cal. App. 4th 310, 317 (2003) (recognizing the "common knowledge"[4] exception to the need for expert testimony as to the standard of care and its breach) (internal quotation marks and citation omitted). In other words, a layperson could reasonably find that medical staff should ensure that a patient's personal belongings, especially those related to the patient's wellbeing and health, are secure.

Even if no expert were required for the standard of care or its breach regarding Plaintiff's lost dental appliances, however, an expert is required to find that DGMC staff's negligence *caused* Plaintiff to suffer an abdominal hernia. Such expert testimony regarding medical causation is required under California law in the context of *any* personal injury action, not just cases involving

---

[4] The Court addresses the "common knowledge" exception in greater detail in Section II. C.

5

medical malpractice. *See Lassalle v. McNeilus Truck & Mfg.*, 16-cv-00766-WHO, 2017 WL 3115141, at *7 (N.D. Cal. July 21, 2017) (noting that medical causation requires expert testimony in personal injury action); *see also Sanderson v. Int'l Flavors & Fragrances, Inc.*, 950 F. Supp. 981 (C.D. Cal. 1996) (noting that California "law is well-settled that in a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony."). In the absence of an expert opinion regarding the cause of Plaintiff's abdominal hernia, his claim fails.

### 2. Lack of Expert Opinion on Stroke Claim

The gravamen of Plaintiff's stroke claim is that DGMC medical staff withheld his regularly-prescribed medication and forcibly inserted an IV into both of his arms on the morning of December 17, 2015. Plaintiff alleges that those acts and omissions caused him to suffer a stroke an hour later. Again, Plaintiff's opposition does not include an expert opinion.

To the extent Plaintiff alleges that DGMC staff were negligent in withholding his medication, the Court is not convinced an expert opinion would be required to show that DGMC staff breached the standard of care because a reasonable trier of fact could find that it is "common knowledge" that withholding regularly prescribed medication does not constitute acceptable medical care. Likewise, to the extent Plaintiff alleges that DGMC staff breached the standard of care by forcibly inserting IVs into his arms over his objections, the Court cannot say on this record that an expert opinion is required.

As with his hernia claim, however, Plaintiff requires an expert opinion to demonstrate *causation*—that the alleged acts and omissions caused his stroke. *See Powell*, 151 Cal. App. 4th at 123 ("Whenever the plaintiff claims negligence in the medical context, the plaintiff must present evidence from an expert that the defendant breached his or her duty to the plaintiff and that the breach caused the injury to the plaintiff."). Determining the etiology of a stroke is not within the realm of a layperson and instead requires a medical expert. Accordingly, Plaintiff's stroke claim fails without an expert opinion.

//

//

### B. Plaintiff was Aware of the Need for Expert Testimony

The Court held a case management conference on April 4, 2019, during which Plaintiff indicated that he did not plan on using expert testimony to prove his hernia and stroke claims. The Court instructed Plaintiff that under California law expert testimony is required to prevail on his medical malpractice claims. After the hearing the Court issued a scheduling order regarding Defendant's motion for summary judgment, explaining to Plaintiff in general terms what an opposition to summary judgment entails, and again instructing Plaintiff that "he may require an expert to sufficiently oppose Defendant's summary judgment motion." (Dkt. No. 36 at 1-2.) Further, because Plaintiff is proceeding without an attorney, the Court directed him to seek free assistance from the Northern District's Legal Help Center. (*Id.* at 2.) Despite the Court's warnings regarding the need for expert testimony, Plaintiff did not submit an expert opinion in opposition to Defendant's motion.

Plaintiff's declaration in support of his opposition states, in pertinent part, that he "has no objection to hiring an 'expert witness' to pursue his case, should the Court deem it necessary and appropriate in this matter." (Dkt. No. 40 at ¶ 4.) That time has passed. The Court put Plaintiff on notice at the April 4, 2019 case management conference that an expert opinion is required in medical malpractice cases under California law. The Court reiterated that requirement in its scheduling order issued the following day, and set a briefing schedule giving Plaintiff a month to respond to Defendant's motion to allow him to properly prepare his opposition. (*See* Dkt. No. 26.) Further, Defendant's March 28, 2019 case management statement indicated that Defendant intended to move for summary judgment on Plaintiff's hernia and stroke claims based on his lack of "expert medical opinions necessary to prove causation," (*see* Dkt. No. 34 at ¶ 15), reiterated its intention to do so at the April 2019 case management conference, and then did so move. Simply put, Plaintiff has had ample notice of both the grounds on which Defendant's motion for summary judgment would be based and the need for an expert opinion to properly oppose that motion. Plaintiff has also had ample time to prepare an adequate opposition and obtain an expert opinion— he did not do so.

California case law is clear that an expert opinion is generally required in professional

negligence cases to determine the applicable standard of care, breach of that standard, and causation of injury. *See, e.g., Powell*, 151 Cal. App. 4th at 123; *Scott*, 185 Cal. App. 4th at 1542. To the extent Plaintiff alleges that the acts and omissions of DGMC medical staff *caused* his hernia and stroke, expert testimony is required. In the absence of an expert opinion, Plaintiff's hernia and stroke claims premised on medical malpractice must fail. *See Hernandez v. City of Oakley*, No. C-11-02415-JCS, 2012 WL 5411781, at *22 (N.D. Cal. Nov. 6, 2012) (finding summary judgment in defendant's favor appropriate where plaintiff failed to offer expert testimony on the applicable standard of care). Plaintiff's opposition cites without argument California caselaw recognizing the "common knowledge" exception to the requirement for a medical expert opinion, and the doctrine of res ipsa loquitur. (*See* Dkt. No. 39 at 1.) The Court addresses both below and concludes that neither apply to the causation element of Plaintiff's medical malpractice claims.

### C. "Common Knowledge" Exception to Requirement for Expert Testimony and Doctrine of Res Ipsa Loquitur Are Not Applicable

As previously discussed, California law recognizes an exception to the requirement for medical expert testimony "where a layperson is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised." *Ewing v. Northridge Hosp. Med. Ctr.*, 120 Cal. App. 4th 1289, 1302 (2004). Thus, the common knowledge exception "applies in cases in which no scientific enlightenment is necessary." *Id.* at 1303. The "exception is, however, a limited one." *Scott*, 185 Cal. App. 4th at 1542. The *Ewing* court noted the following examples where the exception is appropriate:

> [C]ases in which a foreign object is left in a patient's body following surgery, an injury occurs to a body part not slated for medical treatment, or the amputation of the wrong limb. Similarly, expertise may not be necessary in medical negligence cases where the issue is whether the medical professional failed to obtain informed consent.

*Ewing*, 120 Cal. App. 4th at 1302-03 (citations omitted). Here, there is no similarly "freakish and improbable" injury, *see Curtis v. Santa Clara Valley Med. Ctr.*, 110 Cal. App. 4th 796, 801 (2003) (internal quotation marks and citation omitted), and there is no allegation that Defendant failed to

8

obtain Plaintiff's informed consent for the underlying surgery to remove Plaintiff's polyps.

Further, "[t]he common knowledge exception is principally limited to situations in which the plaintiff can invoke the doctrine of res ipsa loquitur." *Elcome*, 110 Cal. App. 4th at 317. Res ipsa loquitur is inapplicable here, however, for the same reason the common knowledge exception does not apply. To invoke res ipsa loquitur, "the plaintiff must present some substantial evidence of three conditions: (1) the injury must be the kind which ordinarily does not occur in the absence of someone's negligence; (2) the injury was caused by an instrumentality in the exclusive control of the defendant; and (3) the injury was not due to any voluntary action or contribution on the part of the plaintiff." *Id.* at 316-17.

Construing the record in Plaintiff's favor, the evidence fails to give rise to a genuine dispute of material fact as to whether the hernia allegedly caused by Plaintiff's lost dentures is an injury "which ordinarily does not occur in the absence of someone's negligence." *See id.; see also Curtis*, 110 Cal. App. 4th at 801 (noting that "leaving scissors in a patient's abdomen after surgery is an occurrence that is ordinarily the result of someone's negligence."). Likewise, there is no evidence indicating that Plaintiff's stroke is the type of injury that only occurs due to someone's negligence. An abdominal hernia and a stroke are instead common medical conditions with varied etiologies. *See Elcome*, 110 Cal. App. 4th at 318 (rejecting res ipsa loquitur argument on summary judgment and finding that "[t]here can be numerous etiologies for plaintiff's neck and suggest the probability that one of the defendants or anyone else was negligent.").

Because the common knowledge exception and res ipsa loquitur are inapplicable to Plaintiff's abdominal hernia and stroke claims, an expert opinion is required to demonstrate at least that the alleged medical malpractice caused the hernia and stroke. *See Scott*, 185 Cal. App. 4th at 1542. Accordingly, summary judgment on those claims in Defendant's favor is warranted.[5]

---

[5] Plaintiff argues, without citation to caselaw, that "by inference the Sixth Amendment and 28 U.S.C. [§ 1654] provide a self-represented party the power and authority to represent her/his self in any capacity necessary, be it as an attorney or 'expert.'" (Dkt. No. 39 at 2.) Plaintiff is wrong. The need for expert testimony in medical malpractice claims under California law does not implicate Plaintiff's right to self-representation under the Sixth Amendment; indeed, it is consistent with the Federal Rules of Evidence. *See* Fed. R. Evid. 701(c) (providing that lay witnesses may not offer opinion testimony that is "based on scientific, technical, or other specialized knowledge"); *see also* Fed. R. Evid. 702 (providing that an individual may offer expert

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant's motion for summary judgment in part. Defendant's motion for summary judgment on Plaintiff's claims related to his abdominal hernia and stroke is granted to the extent Plaintiff contends Defendant's conduct caused the hernia and/or stroke. As expert testimony is required to prove such causation, and as Plaintiff failed to submit an expert opinion in support of those claims, Defendant's motion is granted in that limited respect. In all other respects the motion is denied.

Given that the Court issued an order on June 25, 2019 referring Plaintiff to the Northern District's Legal Help Center in Oakland for possible appointment of counsel, (*see* Dkt. No. 46), this case is stayed until further Order of the Court.

This Order disposes of Docket No. 37.

**IT IS SO ORDERED.**

Dated: June 28, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

opinion testimony only if "qualified as an expert by knowledge, skill, experience, training, or education").

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID GRANT MEDICAL CENTER, et al.,<br><br>    Defendants. | Case No. 18-cv-04185-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 28, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Charles E. Smith
2414 Sacramento St., #2
Berkeley, CA 94702

Dated: June 28, 2019

                        Susan Y. Soong
                        Clerk, United States District Court

                        By_____
                        Ada Means, Deputy Clerk to the
                        Honorable JACQUELINE SCOTT CORLEY